UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 2 3 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) ) v. ) ) RODNEY M. GARRIS, ) ) Defendant. ) ) | Criminal No. 03-0268 (PLF) |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Rodney Garris' motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The government opposes Mr. Garris' motion.[1] For the reasons stated below, the Court will deny Mr. Garris' motion.

After a jury trial in December 2003, Mr. Garris was found guilty of unlawful possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii).[2] The Court conducted Mr. Garris' first sentencing hearing on February 17, 2004. At that hearing,

> [t]he Court found by a preponderance of the evidence that the defendant either jointly or solely possessed all the drugs found in his room [ – that is, approximately 78 grams of crack cocaine – ] giving the defendant a base offense level of 32. . . . The Court also found it appropriate to add two levels to the defendant's base

---

[1] The papers submitted in connection with this matter include: Defendant's Motion to Reduce Sentence ("Mot.") (filed on behalf of Mr. Garris by the Office of the Federal Public Defender), and Government's Response to Defendant's Motion to Reduce Sentence ("Opp.").

[2] Specifically, the jury indicated by special interrogatories that it found Mr. Garris guilty of unlawful possession with intent to distribute five grams or more – but not more than 50 grams – of crack cocaine. See Jury Verdict Form for Defendant Rodney M. Garris (Dec. 5, 2003).

> offense level for possession of a firearm. . . . Accordingly, defendant's . . . offense level was 34 [and, because he fell within Criminal History Category I, the applicable Guidelines sentencing range] was 151 to 188 months. The Court sentenced the defendant to the bottom of that range, that is, 151 months' incarceration, with credit given for time served, followed by 5 years' supervised release.

Opp. at 3. Mr. Garris then appealed.

On May 17, 2005, the Court of Appeals granted the parties' joint motion for a remand for the purpose of resentencing in light of United States v. Booker, 543 U.S. 220 (2005). After considering supplemental briefs regarding the impact of Booker on this case and the arguments and representations of counsel at a resentencing hearing on February 10, 2006, the Court sentenced Mr. Garris to a term of 88 months' imprisonment. The Court reasoned as follows: All that could be discerned from the jury verdict was that the jury concluded that Mr. Garris was responsible for more than 5 grams but less than 50 grams of crack cocaine. See Transcript of Sentencing Hearing at 32-34, 42-43 (Feb. 20, 2006) ("Tr.").[3] Under the then-applicable Federal Sentencing Guidelines, his offense level therefore was 30. The Court again adjusted Mr. Garris' offense level upward by two levels because Mr. Garris possessed a weapon in conjunction with the drug offense. See U.S.S.G. § 2D1.1(b)(1)). This adjustment resulted in an offense level of 32. Since Mr. Garris fell within Criminal History Category I, his Guidelines sentencing range was 121 to 151 months. See Tr. at 43. Rather than impose a sentence consistent with the now-advisory Guidelines sentencing range – a range that reflected a 100-to-1 ratio between crack cocaine and powder cocaine offenses – the Court exercised its discretion

---

[3] The Court determined that its earlier finding (applying a preponderance-of-the-evidence standard) that Mr. Garris was accountable for approximately 78 grams of crack cocaine could no longer stand in light of Booker. See Tr. at 32-44.

2

under Booker, varied from the Guidelines, and imposed a sentence that reflected a 20-to-1 ratio between crack and powder cocaine offenses. The Court multiplied the amount of crack (50 grams) by 20, and then sentenced Mr. Garris according to the then-applicable Guidelines sentencing range for that amount of powder cocaine (1,000 grams). Then, as now, possession with intent to distribute 1,000 grams of powder cocaine yielded an offense level of 26. After applying the same two-level upward adjustment for the weapon, Mr. Garris' offense level was 28. With a Criminal History Category of I, his Guidelines sentencing range was 78 to 97 months. See Tr. at 54-55. Upon consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Mr. Garris at the middle of that range, to an 88 month term of imprisonment. See Tr. at 60.

Mr. Garris now asks the Court to reduce his sentence "to the mandatory minimum sentence of 60 months," Mot. at 3, because (1) the United States Sentencing Commission recently amended and lowered the base offense levels for crack cocaine offenses by two levels and made those amendments retroactive, see U.S.S.G., supp. to app. C, am. 706, 711; (2) the Court is authorized to reduce the term of imprisonment imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2); (3) the relevant amendments reduced the Guidelines sentencing range for the amount of crack cocaine for which Mr. Garris was held responsible (after the upward adjustment for possession of a firearm) from 121 to 151 months to 97 to 121 months; and (4) "[w]here, as here, the Court imposed a sentence below the original guideline range [at a prior sentencing], the guidelines provide that 'a reduction comparably less than the amended guideline range . . . may be appropriate [under Section

3582(c)(2)].' U.S.S.G. § 1B1.10." Mot. at 2.[4]

Mr. Garris' argument under Section 3582(c)(2) is legally indistinguishable from the argument recently presented to the Court in another case, and the Court rejects it for the same reasons. See United States v. Burnette, Criminal No. 05-0095, 2008 WL 4963363, Memorandum Opinion and Order (D.D.C. Nov. 21, 2008). First, Mr. Garris, like Mr. Burnette, is not eligible for a sentence reduction under Section 3582(c)(2) because Mr. Garris' second sentence

> was not (as a practical matter) 'based on' the subsequently amended crack guidelines. Rather, it was based on this Court's policy-based view of what the pre-amendment crack guidelines *should have been*. . . . Mr. [Garris] therefore is not entitled to relief under Section 3582(c)(2) because his [second] sentence was not based on a 'sentencing range that has subsequently been lowered by the Sentencing Commission.'

United States v. Burnette, 2008 WL 4963363 at *2 (quoting 18 U.S.C. § 3582(c)(2)). Second, Mr. Garris, like Mr. Burnette,

> is entitled to no relief under Amendments 706 and 711 given the manner in which the Court calculated his [second] sentence. . . . [I]f Amendments 706 and 711 had been in effect at the time Mr. [Garris] was [resentenced], *the Court would have arrived at precisely the same sentence it actually imposed* [in 2006].

United States v. Burnette, 2008 WL 4963363 at *2; cf. Opp. at 7 ("Put another way, this Court

---

[4] Mr. Garris also argues that his "lack of prior convictions and conduct while incarcerated . . . support a reduction to a term of 60 months." Mot. at 3 (citing U.S.S.G. § 1B1.10, app. note 1(B)(iii)) (permitting the Court to consider post-sentencing conduct when considering a sentence reduction under Section 3582(c)(2)). The Court cannot consider Mr. Garris' post-sentencing conduct pursuant to this application note because Mr. Garris is not eligible for a sentence reduction under Section 3582(c)(2). As explained above, Mr. Garris is not eligible for a sentence reduction under Section 3582(c)(2) because his second sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

has already expressed the concerns that inform Amendment 706, by giving the defendant the same benefit (and for the same reasons) as in Amendment 706.").[5] Third and finally, the Court disagrees with Mr. Garris' suggestion that the Supreme Court's decision and reasoning in Kimbrough v. United States, 128 S. Ct. 558 (2007), standing alone, "support[] a further reduction to the mandatory minimum sentence of 60 months." Mot. at 3. As the Court explained in Burnette:

> By holding that a 'judge may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses' when calculating a reasonable sentence, . . . Kimbrough ratifies the Court's decision to apply a 20-to-1 crack/powder ratio and vary downward based on Booker at Mr. [Garris'] [resentencing]. It does not, however, require or even necessarily support a *further* reduction in Mr. [Garris'] sentence.

United States v. Burnette, 2008 WL 4963363 at *3. For all of these reasons, it is hereby

ORDERED that Defendant's Motion to Reduce Sentence [71] is DENIED.

SO ORDERED.

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

DATE: 12/23/08

---

[5] In fact, Mr. Garris' pre-amendment sentence of 88 months, based on a 20-to-1 ratio, is considerably lower than the range of sentences contemplated by the post-amendment crack cocaine Guidelines with their two-level reduction (97 to 121 months).